UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHAEL B.,[1]

|  |  |
|---|---|
| Plaintiff, | Case # 23-cv-204-FPG |
| v. | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## INTRODUCTION

On May 14, 2020, Plaintiff Rachael B. protectively applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"). Tr.[2] 13. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Sharon Allard on September 21, 2021. *Id.* After the hearing, on March 2, 2022, the ALJ issued an unfavorable decision. *Id.* at 11. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. *Id.* at 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5-6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

## LEGAL STANDARD

### I.      District Court Review

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

2

**DISCUSSION**

I.    **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 10, 2019, the alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: headaches, cervical spine disorder, lumbar spine disorder, and status post cervical spine surgery. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. *Id.* at 17-18. The ALJ then determined that Plaintiff maintained the RFC to perform sedentary work with additional limitations. *Id.* at 18. Specifically, the ALJ concluded that Plaintiff could occasionally climb ramps and stairs, balance on wet moving or uneven surfaces, kneel, stoop, and crouch and could not crawl, climb ladders, ropes, or scaffolds, or work around hazards, including moving mechanical parts or work and unprotected heights. *Id.* She could engage in occasional overhead reaching and have occasional exposure to loud environments. *Id.*

At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. Tr. 29. At step five, the ALJ, relying on vocational expert testimony, concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including lens inserter, charge account clerk, and surveillance system monitor. *Id.* at 30. Accordingly, the ALJ concluded that Plaintiff was not disabled. *Id.*

## II.    Analysis

Plaintiff argues that remand is required because the ALJ failed to adequately incorporate Plaintiff's use of a cane into the RFC, or, alternatively, find that it was not medically necessary. *See* ECF No. 7-1 at 14-17.  The Commissioner contends that Plaintiff failed to establish that the cane was medically necessary and that the ALJ reasonably determined that she did not require a cane.  ECF No. 9-1 at 15-16.  The Court agrees with Plaintiff.[4]

 "For a cane to be medically necessary, 'there must be medical documentation establishing the need for [the cane] to aid in walking or standing, and describing the circumstances for which it is needed.'"  *Gregory F. v. Comm'r of Soc. Sec.*, No. 19-CV-481, 2020 WL 7166738, at *4 (W.D.N.Y. Dec. 7, 2020) (quoting SSR 96-9p, 1996 WL 374185, at *7).  If there is, "an ALJ's failure to determine whether the use of a cane is medically necessary or to incorporate it into the RFC is legal error."  *Id.* (citing *Scott v. Berryhill*, No. 17-CV-468, 2018 WL 4442882, at *6 (W.D.N.Y. Sept. 17, 2018)).

Plaintiff testified at the hearing that she used a cane.  Tr. 62 (Plaintiff's testimony that she uses her cane every time she gets up to use the bathroom, when she takes a shower, and when she goes to doctor's appointments).  Moreover, as the ALJ noted, the cane was prescribed.  *See Id.* at 26 (citing Tr. 1028-32).  For example, during a March 2021 physical medicine and rehabilitation appointment, a nurse practitioner ordered a cane to "help [her] in walking as she has been falling." *See Id.* at 972.  At a visit the next month, the nurse practitioner noted that Plaintiff's chief complaint was, among other things, that her gait was "very bad" and that she was "using a cane for ambulation."  *Id.* at 962.  During the same visit, the nurse practitioner recorded that Plaintiff's gait

---

[4] Because the Court concludes that remand is warranted on this basis, the Court need not address Plaintiff's remaining arguments.  *Matthew M. v. Comm'r of Soc. Sec.*, No. 20-CV-1644, 2022 WL 3346949, at *5 (W.D.N.Y. Aug. 12, 2022).

was antalgic, *id.* at 964, which was consistent with both prior and subsequent medical records. *See id.* at 926 (November 2020 spine surgery visit record indicating markedly antalgic gait), 970 (March 2021 physical medicine and rehabilitation treatment record indicating antalgic gait), 1030 (July 2021 physical medicine and rehabilitation treatment record indicating poor body mechanics).

The ALJ referred only twice to Plaintiff's cane use. *See* Tr. 26 (acknowledging that Plaintiff used a prescribed cane during a July 6, 2021 follow-up appointment), 27 (acknowledging Plaintiff's testimony that she had had multiple falls and used a cane). She did not, however, use the medical records to either evaluate whether Plaintiff needed a cane nor incorporated Plaintiff's use of a cane into the RFC. The "failure to do one or the other" was error. *Gregory F.*, 2020 WL 7166738, at *5 (citing *Rowe v. Berryhill*, No. 17-CV-208, 2018 WL 4233702, at *4 (W.D.N.Y. Sept. 6, 2018)); *see also Charles F. v. Comm'r of Soc. Sec.*, No. 19-CV-1664, 2021 WL 963585, at *4 (W.D.N.Y. Mar. 15, 2021) ("Because the ALJ did not make an explicit finding about [Plaintiff's] use of a cane, this Court does not know whether the ALJ failed to consider the evidence about a cane; found that a cane was not medically necessary; found that a cane was medically necessary but did not impact [Plaintiff's] RFC; or reached some other conclusion.")

The Commissioner suggests that Plaintiff did not require the use of a cane because the objective medical findings, the medical opinion evidence, and the prior administrative medical findings of the state agency physicians did not demonstrate that Plaintiff required a cane. *See* ECF No. 9-1 at 15. Accordingly, the Commissioner argues that the ALJ "reasonably determined that Plaintiff did not require the use of a cane." *Id.* To start, much of the evidence on which the Commissioner relies predates the prescription of Plaintiff's cane in March 2021, which at the very least raises the possibility that Plaintiff's condition worsened over time. *See* Tr. 960 (opinion of John Schwab, D.O. dated December 29, 2020), 972 (March 15, 2021 physical medicine and

rehabilitation visit note recording prescription of cane).  The Commissioner's arguments likewise fail to address Plaintiff's testimony that, for example, she uses a cane every time she goes to the bathroom or takes a shower.  *Id.*  at 62.  Moreover, even if, as the Commissioner points out, some of Plaintiff's medical records indicate that she did not use a cane, they do not conclude that she did not require one.  *See Gregory F.*, 2020 WL 7166728, at *5.  For example, during the May 2021 physical medicine and rehabilitation visit in which it appears Plaintiff did not use a cane, she nevertheless exhibited poor body mechanics, was able to walk only limited distances, was unable to perform a tandem walk and could perform a heel/toe walk "with pain and limitation."  Tr. 1038.

But in any event, while the Commissioner's reasons "may well have supported a finding that [Plaintiff's] cane was not medically necessary," they "are missing from the ALJ's decision." *Gregory F.*, 2020 WL 7166738, at *5.  And it is the ALJ, not this Court, that must determine in the first instance whether Plaintiff's cane was medically required.  *See James L. v. Comm'r of Soc. Sec.*, No. 22-CV-397, 2023 WL 5662790, at *5 (W.D.N.Y. Sept. 1, 2023).

Finally, although the use of a cane does not necessarily preclude sedentary work, it may still further erode the unskilled sedentary occupational base on which the ALJ relied in determining that there were jobs available in the national economy that Plaintiff could perform. *See* SSR 96-9p, 1996 WL 374185, at * 7.  Therefore, "[t]he error here was in not addressing whether [it] might preclude [Plaintiff] from doing the [full range of] work that the RFC," which already reflected a reduced range of sedentary work, "suggested [she] could," *Gregory F.*, 2020 WL 7166739, at * 5; *see* Tr. 18.  The Court cannot therefore conclude that the ALJ's failure to decide whether Plaintiff needed a cane, or even address the issue, was harmless.  *See id.*; *cf. Nowak v. Colvin*, No. 15-CV-424, 2017 WL 5789988, at *7 (failure to make specific factual findings regarding plaintiff's cane use harmless where plaintiff was limited to sedentary work because of an impairment affecting

lower extremity and had no other functional limitations or restrictions).  Instead, remand to the ALJ for proper consideration of Plaintiff's cane use is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 7, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 9, is DENIED, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:  December 21, 2023
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York